**DAWSON'S BREWERY, Inc., v. UNITED STATES.**

No. 5842.

District Court, D. Massachusetts.
March 22, 1935.

John J. Crehan and Charles D. Brown, both of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

McLELLAN, District Judge.

The respondent demurs to the petition for the recovery of the amount of revenue stamps affixed to certain containers of fermented malt beverage.

Though plaintiff's counsel argued attractively and forcefully that denial of recovery here would result in double taxation, and though on all the facts stated in the petition much can and has been said as to the equities disclosed, I am of the opinion that this case should not be tried on the merits unless and until an appellate court shall have said that the petition states a cause of action.

Section 3226 of the Revised Statutes, as amended by section 1103 (a) of the Revenue Act of 1932 (26 USCA § 156), provides in substance that no suit shall be maintained for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected until a claim for refund has been duly filed with the Commissioner of Internal Revenue. When the claims for refund here involved were filed, no contention based on double taxation was made. For aught that appears in the petition, the beverage had then paid only one tax.

The question here presented is whether a brewer who has paid a stamp tax on an unmerchantable beverage can recover the same if and when the beverage is returned to the brewery and subjected to further manufacturing processes.

When the imperfect beverage had been manufactured, and was either sold or removed for consumption or sale, it was subject to a stamp tax. Act March 22, 1933 (48 Stat. 16); 26 U. S. Code, §§ 511, 512 (26 USCA §§ 511, 512).

No authorities have been called to my attention, and I have seen none, which indicate any analogy between the facts in the case at bar and United States v. American Tobacco Company, 166 U.

S. 468, 17 S. Ct. 619, 41 L. Ed. 1081, which held that one whose stamps were destroyed by fire was entitled to reimbursement therefor. I am unable to say that the tax paid by virtue of the cancellation or destruction of the stamps affixed to the containers of the imperfect beverage was erroneously or illegally collected.

It is unnecessary to decide whether, if a claim for refund had been duly filed as to the tax collected when the remanufactured or recarbonated beverage was sold or removed for sale, the plaintiff could recover, in the event it should show that the same product had theretofore paid the tax.

The demurrer is sustained.